UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DENNIS ALBA,

    Plaintiff

v.

MARK INCH, et al.,

    Defendants

Case No.: 2:19-cv-01365-APG-BNW

**Order**

Plaintiff Dennis Alba is a pretrial detainee in the custody of the Nevada Southern Detention Center. He has filed an application to proceed *in forma pauperis*. ECF No. 1. He also has filed a motion to file an amended *Bivens* civil rights complaint along with a second amended *Bivens* civil rights complaint. ECF Nos. 6, 6-1. Based on the information regarding Alba's financial status, I find that he is not able to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915. The application to proceed *in forma pauperis* is therefore granted. Alba will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available. I grant Alba's motion to amend the complaint[1] and now screens his second amended civil rights complaint under 28 U.S.C. § 1915A.

////

////

---

[1] Alba previously filed a first amended complaint. ECF No. 5. An amended complaint replaces an earlier complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Therefore, the operative complaint is the second amended complaint. ECF No. 6-1. It is not clear why, but Alba also filed with his motion to amend the complaint a copy of his original complaint, which I previously screened. ECF No. 6-2. I do not construe the copy of the original complaint as an amended complaint.

## I. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. 403 U.S. at 389. "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). To state a claim under *Bivens*, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a federal actor. *See id.*

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). A

2

reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiff must provide more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Although allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     SCREENING OF SECOND AMENDED COMPLAINT

In the Second Amended Complaint (SAC), Alba sues the Director of the Bureau of Prisons March Inch, Warden of FCI Petersburg Virginia Eric D. Wilson, Warden of FCI

Cumberland, Maryland Timothy Stewart, and Classification and Computation Technician Dannie Bridges. ECF No. 6-1 at 1-3.

The SAC alleges the following: In December of 2016, Alba was made aware of his upcoming release date, which was April of 2017. *Id.* at 13.  However, upon his arrival at Federal Correctional Institution Hurlong, California, his unit team notified him of a 2019 release date. *Id.* Alba immediately exhausted his prison remedies. *Id.*  Following that, he contacted his family and attorney to notify them, and his mother contacted the prosecutor who handled his case. *Id.*  Alba then was transferred to CCA Pahrump, Nevada pending transfer to Federal Correctional Institution Petersburg Virginia. *Id.*  Alba then again exhausted prison remedies. *Id.*  Alba's attorney communicated with Dannie Bridges, a classification and computation technician. *Id.* They argued over a resolution to the situation and were unsuccessful in resolving the problem at that time. *Id.* Alba then was transferred to the Federal Correctional Institution in Cumberland, Maryland, where he began exhausting the grievance procedure for the third time and wrote his sentencing judge, asking for assistance. *Id.*  While in the process of grieving, Alba was released from Cumberland, Maryland. *Id.*  He had been wrongfully imprisoned for about 5 months at that time. *Id.*  Alba sustained an overdose during his wrongful incarceration and was taken to a hospital. *Id.*

A major part of Dannie Bridge's job description is being a time computation technician at Grand Prairie, Texas. *Id.*  He is responsible for the calculation of time prisoners are to serve and for credit for time served. *Id.*  Warden Wilson and Warden Stewart were responsible for overseeing the last step of the prison remedies at their respective prisons and helping to fix time discrepancies. *Id.*  As the Director of Prisons, Mark Inch is responsible for overseeing the structure and policies of the "Agency" and therefore is "accountable for his employees

professionalism." *Id.* Alba alleges that his Fifth Amendment right to due process and his Eighth Amendment right against cruel and unusual punishment were violated.[2] *Id.*

Regardless of whether Alba is seeking damages or injunctive relief, such as release from detention, he fails to state a colorable claim. As I previously explained,[3] to the extent Alba is seeking release from custody, he must seek that remedy through a habeas petition, not through a *Bivens* action. Injunctive relief, including release from custody, may not be obtained through a *Bivens* action, which is limited to claims for damages. *Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016); *Valdez v. United States*, 651 F. App'x 626, 627 (9th Cir. 2016) (holding that plaintiff could not obtain release from prison in *Bivens* action but instead had to seek such relief from a writ of habeas corpus). Thus, to the extent Alba includes a claim seeking release from custody, that claim is dismissed.

To the extent Alba is seeking damages for the alleged miscalculation of his sentence resulting in prolonged incarceration, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). I previously explained to Alba the applicable law concerning *Heck*. ECF No. 3 at 5-6. In *Heck*, the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87. A claim for damages bearing that relationship to a conviction or sentence that has not been

---

[2] According to the SAC, Alba currently is a pretrial detainee at Nevada Southern Detention Center. ECF No. 6-1 at 2, 4.

[3] ECF No. 3 at 4-5.

invalidated is not cognizable. *Id*. at 487.  Thus, when a state prisoner seeks damages in a civil rights action, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the fact or <u>duration</u> of his confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the period of confinement already has been invalidated. *Id*.; *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

*Heck* applies to a *Bivens* action concerning a cause of action for miscalculation of a prisoner's sentence. *See Erlin v. United States,* 364 F.3d 1127, 1130–31 (9th Cir. 2004) (explaining that, under *Heck,* a cause of action for miscalculation of a prisoner's release could not accrue until the prisoner won a writ of habeas corpus); *Martin v. Sias,* 88 F.3d 774, 775 (9th Cir.1996) (order) ("*Heck* applies to *Bivens* actions.").

Here, Alba's complaint necessarily implies the invalidity of the duration of his confinement, and *Heck* therefore applies.  I previously dismissed this action with leave for Alba to amend his complaint to allege facts sufficient to show that a court has invalidated the duration of his confinement. ECF No. 3 at 6.   Alba has failed to allege such facts in his amended complaint and his claim is therefore barred.  Accordingly, I dismiss this action without prejudice and without leave to amend.

### III. CONCLUSION

I HEREBY ORDER that the motion to amend the complaint **(ECF No. 6) is granted** and the operative complaint is the second amended complaint (ECF No. 6-1).

I FURTHER ORDER that Alba's application to proceed *in forma pauperis* **(ECF No. 1) is GRANTED**.  Alba is not required to pay an initial installment fee.  Nevertheless, the full filing fee is still due under 28 U.S.C. § 1915 as amended by the PLRA.  Alba is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of

security therefor.  This order granting *in forma pauperis* status shall not extend to the issuance or service of subpoenas at government expense.

I FURTHER ORDER that, under 28 U.S.C. § 1915 as amended by the PLRA, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of DENNIS ALBA # 46078048 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of Warden William W. Lothrop, Phoenix Federal Correctional Institution, 37900 North 45th Ave, Phoenix, AZ 85086.

I FURTHER ORDER that, even though this action is dismissed, the full filing fee is still due under 28 U.S.C. §1915 as amended by the PLRA.

I FURTHER ORDER that **this action is dismissed** without prejudice and without leave to amend.

I FURTHER ORDER that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

I FURTHER ORDER the Clerk of the Court to enter judgement accordingly and close this case.  No further documents shall be filed in this closed case.

Dated: September 16, 2020.

_____
U.S. District Judge